JUDGE PHILIP MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | *a lied* |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) CIVIL NO.: | |
| | ) | |
| $13,480.00 IN UNITED STATES CURRENCY, | ) | EP05CA0430 |
| MORE OR LESS, | ) | |
| | ) | |
| Respondent. | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now the Petitioner, United States of America, acting by and through the United States Attorney for the Western District of Texas, and the undersigned Assistant United States Attorney, and would respectfully show the Court as follows:

### I.

### JURISDICTION

The Court has jurisdiction of this action under Title 28 United States Code (U.S.C.) §§ 1345, 1355, and 2461.

### II.

### VENUE

The Court has venue of this action under Title 28 U.S.C. § 1395. Inasmuch as the same may be applicable, the court has venue over the Respondent Property pursuant to Title 18 U.S.C. § 981(h).

The Respondent Property was seized at El Paso County, El Paso, Texas, on or about June 24, 2005, by law enforcement agents of the Drug Enforcement Administration (DEA). The Respondent Property has remained in the custody of the Drug Enforcement Administration within the jurisdiction

of the United States District Court, Western District of Texas, El Paso Division, and shall remain within the jurisdiction of the court pending litigation of this case.

## III.

## DESCRIPTION OF RESPONDENT PROPERTY

$13,480.00 in United States Currency, more or less, hereinafter referred to as "Respondent Property."

## IV.

## VIOLATIONS

This is a civil forfeiture action in rem brought to enforce the provisions of Title 18 U.S.C. § 1956 and Title 21 U.S.C. § 881 for the forfeiture of the Respondent Property.

## V.
## CLAIMS

Saul Molina, pursuant to Title 18 U.S.C. § 983(a)(2), furnished a claim. This document was filed with the Drug Enforcement Administration. The Drug Enforcement Administration referred this matter to the office of the United States Attorney for the Western District of Texas for determination of judicial forfeiture.

## VI.

## OWNERS KNOWLEDGE OF VIOLATIONS

Saul Molina had reasonable cause to believe and knowledge of the violations alleged in this Verified Complaint for Forfeiture involving the Respondent Property.

## VII.

## BURDEN OF PROOF

At trial the United States of America will establish by a preponderance of the evidence that

2

the Respondent Property is subject to forfeiture and should be forfeited to the United States of America as alleged by the Verified Complaint for Forfeiture.

## VIII.

### INTRODUCTORY FACTS PERTINENT TO VIOLATIONS

On June 24, 2005, Drug Enforcement Administration (DEA) Task Force Two Officer Lucero was called out by TFO Sergeant Jimenez to assist an El Paso Police Department (EPPD) off-duty officer. TFO Lucero was advised to respond to 5200 Montana in El Paso, Texas to assist Officer Arias. TFO Lucero was advised that Officer Arias had observed a possible drug transaction which later revealed to be a transaction involving a large amount of United States currency.

TFO Lucero proceeded to 5200 Montana, which is a shopping center which houses an Albertson's grocery store. TFO Lucero arrived and met with Officer Arias who was dressed in plain clothes.

Officer Arias stated that he was working off-duty at the Albertson's and was inside his personal vehicle in the parking lot northwest of Albertson's. Officer Arias stated that he observed a blue Dodge truck, bearing Texas license plate 44V NBI park east of where he was parked. Officer Arias stated that he observed the driver and recognized him as a subject whom he had investigated for narcotic related offenses while working with the El Paso DEA Task Force.

Officer Arias stated that a few minutes later, he observed a black Cadillac Escalade, bearing Arizona license plate 845 RLV, arrive and park next to the Dodge truck. Officer Arias then stated that he observed a Mexican male, approximately 30 years of age, heavy set, with a shaved head as the front passenger of the Cadillac Escalade as he exited the Cadillac Escalade carrying a plastic bag. Officer Arias stated that he did not see the driver of the Cadillac Escalade. Officer Arias stated that the passenger in the Cadillac Escalade then gave the bundle to the driver of the Dodge truck, who was later identified as Saul Molina (Molina), DOB 01-11-69 of 3428 La Luz, in El Paso, Texas.

3

Officer Arias stated that after the exchange, the Mexican male with the shaved head, entered the passenger side of the Cadillac and the Cadillac drove off. Officer Arias stated that when the Cadillac Escalade was stopped, Victor Chavez was driving. Officer Arias stated that the description that was relayed to him of Victor Chavez matched the description of the male subject with the shaved head which he saw making the exchange with Molina. Officer Arias stated that when the officers stopped the Cadillac Escalade, Victor Chavez's wife was the front passenger.

Officer Arias stated that he summoned for Police Patrol assistance. Officer Arias stated that he observed that the driver of the Cadillac Escalade was a Hispanic male who was bald and heavy set. After the transaction, the driver and the passenger of the Cadillac Escalade drove off.

Officer Arias advised the patrol units that the Cadillac Escalade had proceeded west on Montana Street in El Paso. Officer Arias approached Molina who was sitting inside his Dodge truck. Officer Arias identified himself to Molina by displaying his police credentials. Officer Arias asked Molina if he could talk to him and Molina said yes. Officer Arias told Molina that he had observed what he believed to be a drug transaction and that he had seen what he believed to be a bundle of narcotics handed to him.

Molina told Officer Arias that it was not a bundle containing narcotics but rather, a plastic bag containing U.S. currency. Molina gave inconsistent statements as to who had given him the money. Officer Arias asked Molina if he could search his truck. Molina gave Officer Arias verbal consent to search his Dodge truck. Subsequent to the search, Officer Arias located a brown plastic bag in the truck's consol area. The bag contained several bundles of U.S. Currency. Officer Arias left the bag where it was.

By that time, Officer Ortiz arrived to assist Officer Arias. Officer Witterstauter and Officer Estrada also responded to the call to assist Officer Arias. Officers Witterstauter and Estrada were able to locate the Cadillac Escalade and conducted a traffic stop at approximately 4600 Montana

Street. The driver of the Cadillac Escalade was identified as Victor Chavez (Chavez), DOB 05-18-1974, of 4333 Wyoming Street in El Paso. There was no passenger present in the Cadillac Escalade during the traffic stop. When asked, Chavez gave conflicting statements as to where he had been. Chavez stated that he did not know anything about a bag containing a large amount of U.S. currency. Chavez disclaimed ownership to the currency.

Officer Arias requested the assistance of a canine officer. Soon after, Officer Moncada, who is a certified canine officer, arrived with his police canine "Reno." Reno is a three and a half year old Belgiam Malinoi who is certified by the Police Work Dogs Association in narcotics detection. Officer Moncada ran Reno on the inside of the Dodge truck. Officer Moncada advised Officer Lucero that his canine had given a positive alert for the odor of narcotics on the plastic bag containing the U.S. currency at approximately 7:30 p.m.

Officer Arias told TFO Lucero that Molina stated that the U.S. currency was his and that it was from the proceeds of a vehicle he had sold.

TFO Lucero proceeded to talk to Chavez at 4333 Wyoming in El Paso. Chavez had been permitted to go home in order to report to his probation officer from his home. TFO Lucero asked Chavez about the plastic bag from containing the large amount of U.S. currency. Chavez stated that he did not know anything about a plastic bag containing U.S. currency. TFO Lucero asked Chavez about him meeting with Molina. Chavez stated that he did not meet with anyone at the Albertson's parking lot. TFO Lucero asked Chavez what he was on probation for. Chavez stated that he was on probation for Conspiracy to Distribute Marijuana. TFO Lucero obtained a disclaimer of ownership for the currency from Chavez.

Molina was transported to 911 N. Raynor. TFO Lucero met with Molina in the snack bar eating area. TFO Lucero engaged in a consensual interview with Molina. TFO Lucero asked Molina how much U.S. currency was in the plastic bag. Molina stated that it was $13,460.00. TFO asked

5

Molina who had given him the currency. Molina stated that an employee of a Hispanic male named Jose Alvarez (Alvarez) had given the money. TFO Lucero asked Molina if he knew the employee's name. Molina stated that he did not know the employee's name. Molina stated that he had sold a blue 2002 Ford Expedition to Alvarez. Molina stated that Alvarez lives in New Mexico but did not know his home address or phone number. TFO Lucero then asked Molina questions pertaining to the vehicle. Molina stated that he had sold the 2002 Ford Expedition to a business in Juarez, Mexico called Yonke 86. Molina stated that he sold the Ford to the owner, Carlos Gomez (Gomez). Molina stated that he bought the 2002 Ford Expedition approximately three months ago from a car auction named Klode. Molina stated that he did not have a copy of the vehicle's registration. TFO Lucero proceeded to ask Molina another question at which point Molina interrupted and stated that he wanted to talk to an attorney. At this point the interview with Molina ended.

TFO Lucero informed Molina that based on the circumstances, the U.S. currency would be seized pending further investigation. TFO Lucero issued Molina a property receipt for the U.S. currency.

Both Molina and Chavez have prior drug related convictions, linking them as associates.

TFO Jimenez took possession of the U.S. currency and transported it, along with TFO Alvarez to the EPPD Alpha Office.

The currency was then taken to the GECU (Government Employee's Federal Credit Union) for an official count. The U.S. currency seized from Molina was counted for a total amount of $13,480.00. The $13,480.00 in U.S. currency was in the following denominations:

| Denominations | Quantity | Subtotal |
|---|---|---|
| $100.00 bills | 21 | $2,100.00 |
| $50.00 bills | 30 | $1,500.00 |
| $20.00 bills | 463 | $9,260.00 |
| $10.00 bills | 52 | $520.00 |
| $5.00 bills | 15 | $75.00 |
| $1.00 bills | 25 | $25.00 |

**Total:        $13,480.00**

The $13,480.00 in U.S. currency was converted to a cashier's check made out to the U.S. Marshals Service and was remanded to their custody until the outcome of this instant civil forfeiture action.

## IX.

## <u>VIOLATIONS OF TITLE 18 U.S.C. 1956 AND TITLE 21 U.S.C. 881</u>

Petitioner avers each and every allegation set forth in Paragraph VIII above and incorporates by reference herein each and every allegation.

The Respondent Property was unlawfully used or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was unlawfully used or intended to be used to facilitate a violation of Title 21 U.S.C. 801, <u>et</u>. <u>seq</u>..

The Respondent Property was also used or intended to be used to promote the carrying on of drug trafficking in violation of Title 18 U.S.C. § 1956.

## X.

## <u>PRAYER</u>

That by virtue of the facts and circumstances supporting the seizure and forfeiture of the Respondent Property, as contained in the aforementioned actions, uses, and premises and/or intended actions, uses, and premises, the Respondent Property is subject to forfeiture to the United States of America pursuant to the provisions of Title 18 U.S.C. § 1956 and Title 21 U.S.C. § 881.

WHEREFORE, the Petitioner, United States of America, prays as follows:

1. That notice issue according to the normal procedure of this Court, citing all persons having an interest in the above described Respondent Property to appear on the return day of said process by filing a claim within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier and an answer within twenty (20) days thereafter pursuant to Title 28 U.S.C.

Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims, Fed.R.Civ.P. Any individual or party who is personally served with Notice of Complaint for Forfeiture and Arrest of Property in this cause shall file his claim within thirty (30) days after such service has been executed, and shall serve his answer within twenty (20) days after the filing of the claim, as provided by Title 28 U.S.C. Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Fed.R.Civ.P. and Title 18 U.S.C. 983 (a)(4)(A) and (B);

2. That Warrant of Arrest in rem issue to the United States Marshals Service for the Western District of Texas or other authorized law enforcement officer or any other person or organization authorized by law to enforce the warrant, commanding him to arrest the Respondent Property;

3. That the United States Marshals Service be granted authority by the Court, upon arrest of the Respondent Property, to designate any other authorized law enforcement agency or any other authorized person or organization to act as substitute custodian of the Respondent Property;

4. That Judgment of Forfeiture be decreed against the Respondent Property;

5. That upon Final Decree of Forfeiture, the United States Marshals Service shall dispose of the Respondent Property in accordance with law; and

6. For costs and for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                Respectfully submitted,

                JOHNNY SUTTON
                United States Attorney

By: _____
     DAVID R. ROSADO
     Assistant United States Attorney
     700 E. San Antonio, Ste. 200
     El Paso, Texas 79901
     Tel: (915) 534-6884
     Fax: (915) 534-6861
     State Bar No. 17242000

## VERIFICATION

STATE OF TEXAS           )
                         )
COUNTY OF EL PASO        )

Jose Lucero declares and says that:

1. I am a Task Force Officer with Drug Enforcement Administration, within the Western District of Texas, El Paso Division, and am the investigative agent responsible for the accuracy of the information provided in this litigation;

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof; the information contained in the Complaint has been furnished by official government sources; and based on information and belief, the allegations contained in the Verified Complaint are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 15th day of November, 2005.

_____
Jose Lucero
Task Force Officer

9